PER CURIAM.
The appellant instituted proceedings in the lower court seeking a construction of that portion of a lease agreement providing for an option to purchase. The lower court by its decree declared that the appellant had lost its right to exercise the option accorded it under the terms of the lease. This appeal is from that decree.
The portion of the lease in question is as follows:
“(b) In the event that the present lessor conveys legal title prior to the exercise of this option and this option is exercised after completion of the warehouse premises and the issuance of a certificate of occupancy, the option price to the lessee for the purchase of the warehouse premises shall be the sum of Fifty-five Thousand Three Hundred thirty-five Dollars ($55,-335.00), and said option shall run for a term of three (3) years from the date of the execution of this lease.” [Emphasis supplied.]
The lease was executed on March 4, 1953. It was further provided that in order for the lessee to exercise its option, notice in writing was required to be given the lessor 30 days prior to the expiration of the three-year period.
The chancellor below, among others, made the following adjudication:
“Ordered, adjudged and decreed, and the Court finds as follows:
“1. That the option provision contained in paragraph (b) on page 9 of said lease sought to be invoked by the plaintiff is construed and declared to require that it be executed within three (3) years from the date of the execution of said' lease, on March 4th, 1953. Furthermore, in order to exercise said option privilege, it was incumbent on the lessee-plaintiff to give written notice thereof to the lessors-defendants at least thirty (30) days prior to March 4th, 1956, which was not done. Accordingly, the Court finds that the plaintiff-lessee has no rights to which it is entitled to specific performance or equitable relief against a forfeiture thereof, as prayed. Whatever privileges extended to it by said option provision were extinguished by the failure of the plaintiff-lessee to exercise the same within the time and in the manner therein specified. ■ The supplemental relief sought by the plaintiff in its complaint, by way of specific performance, is therefore denied.”
The appellant contends that an endorsement to the lease, providing that the commencement date of the lease would be June 1, 1953, modified the terms of the original option so that the option could be exercised within three years from the date of June 1, 1953. We feel the lower court’s decree is an adequate answer and that an inspection of the option agreement contained in the lease, as well as the modification, demonstrates the lack of merit in such contention.
The lower court was called upon to decide a simple issue of fact, to-wit: whether or not the appellant had, thirty days prior to the expiration of three years from March 4,- 1953, notified the appellees in writing of its intention to exercise the option to *400 purchase. The chancellor below resolved this question adverse to the appellant and in this we conclude that he was eminently correct.
Affirmed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.